UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

SAREGAMA PLC,

                    Plaintiff,

       v.

RAAGA LLC and SENTHIL VENKATARAMANI,

                    Defendants.

————————————————————————X

JUDGE MARRERO

Case No. **15 CV 205**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
JAN 11 2015
U.S.D.C. S.D. N.Y.

Plaintiff, SAREGAMA PLC, by its attorney, Anthony Motta, as and for its Complaint against the defendants, RAAGA LLC and SENTHIL VENKATARAMANI (jointly referred to as "Defendants"), alleges the following:

## THE PARTIES

1.     Plaintiff, Saregama PLC ("Plaintiff"), is a public liability company incorporated pursuant to the laws of the United Kingdom having its principal place of business in London, England.  Until approximately January 2013 Plaintiff maintained business premises in the United States at 37 Meridian Rd., Suite E, Edison, NJ 08820.

2.     Upon information and belief, the defendant, Raaga LLC ("Raaga"), is a corporation incorporated pursuant to the laws of the State of Nevada having its principal place of business in Ann Arbor, Michigan.

3.     Upon information and belief, the defendant, Senthil Venkataramani ("Senthil"), is a resident of Ann Arbor, Michigan.

4.     Upon information and belief, Senthil is an officer, director and the majority, if not sole, shareholder of Raaga and personally directs and supervises the operation of, and personally

derives economic benefit from, the business of Raaga.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages for breach of contract, declaratory

judgment, and damages and injunctive relief for copyright infringement under the Copyright Law

of the United States (the "Copyright Act"), Title 17 U.S.C. §101 *et seq*.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §1332 (a), and 28 U.S.C. §1331 and §1338 (a).

7.      Venue of this case is proper in this district pursuant to 28 U.S.C. §1391(a), 28

U.S.C. §1400, and as the designated forum in a forum selection clause contained in the

Agreement between Plaintiff and Raaga.

## BACKGROUND

8.      Saregama India, Ltd. ("Saregama India") (formally known as the Gramophone

Company of India, Ltd.) is a limited liability company organized and existing under the laws of

India, publicly traded in the country of India, with its principal place of business in Kolkata,

India.

9.      Saregama India is one of the largest and most respected music recording

companies in India owning nearly fifty (50%) per cent of the musical compositions and sound

recordings that have ever been recorded on the subcontinent.

10.     Pursuant to a sub-publishing agreement between Saregama India and Plaintiff

dated October 29, 2000, Saregama India exclusively licensed to Plaintiff, from November 1,

2002 to October 31, 2020, the right to administer and exploit the musical compositions (the

music and lyrics) of songs owned by Saregama India.

11.     Pursuant to a sub-licensing agreement dated March 31, 1999, Saregama India, through a predecessor company, exclusively granted to Plaintiff, from November 1, 2002 to October 31, 2020, the right to manufacture, sell, market, perform, advertise, distribute, and license for synchronization the sound and audiovisual recordings of Saregama India.

12.     Upon information and belief, Raaga owns the Internet website, raaga.com, located at www.ragga.com (the "Raaga website").

13.     The Raaga website states that it provides "Unlimited Music Anytime, Anywhere" with access to "a huge catalog of songs" from the Indian subcontinent in multiple languages including Hindi, Tamil, Telugu, Malayalam, Kannada, Bengali, Gujarati and Punjabi.  The Raaga website permits, in part, those who register and obtain a username and password to access and listen to music, either on a computer or by mobile device, such as a smart phone: (a) as streaming media, (b) saved in playlists in "My Music" for access at any time, (c) as pre-programmed live radio channels available in ten languages organized, in part, by musical artist or "mood".  The Raaga website provides "editorial picks" and "user playlists" of music, permits the sharing of playlists, the retrieval by third parties of music from playlists, the download of music, and the synching of music with mobile devices.  Plaintiff has the exclusive right in the United States to the copyrights in the sound recordings and underlying compositions in approximately thirty-five per cent (35%) of the music available on the Raaga website.

14.     Pursuant to agreement dated February 3, 2012 (the "Agreement"), Plaintiff licensed to Raaga the present and future sound recordings, not subject to exclusive license, of Saregama India (the "Music"). The Agreement provided in relevant part as follows:

(a)     In the first year of the Agreement, Raaga was to pay a fixed license fee of

$150,000 for the unlimited streaming of music, and $50,000 as a minimum

guaranteed payment against sixty-five (65%) percent of Raaga's gross income

from music downloads. Payment of the $200,000 in license fees and minimum

guaranty was required to be made in equal $50,000 payments quarterly,

commencing with a payment on March 31, 2012, with the remaining payments

due within thirty (30) days from the end of each subsequent quarter.

(b)     Raaga was to provide monthly usage reports of music downloads, together with a

year-end reconciliation of download fees, and in the event the license fee for

music downloads exceeded the minimum guaranty, Raaga was required to pay the

excess to Plaintiff.

(c)     The term of was to expire on the third anniversary of the Agreement, but in the

event the parties were unable to negotiate and agree upon a license fee, and/or

minimum guaranty against download royalties for years subsequent to the first

year, the Agreement was to terminate at the end of the first year.

15.     In conformity with the Agreement Plaintiff caused to be delivered to Raaga the

Music. (A list of the songs, sound recordings and musical compositions, comprising the Music

and delivered to Raaga is attached as Exhibit A.) Raaga has made the Music available to third

parties through the Raaga website in the manner set forth above.

16.     Raaga has paid only $135,000 of the license fee and minimum guaranty leaving

$65,000 currently due and owing.

17.     Raaga failed to negotiate a new license fee and minimum guaranty for the second and third year of the Agreement, despite request that it do so, with the result that the Agreement terminated on February 2, 2013.

18.     By letter dated August 1, 2013, Plaintiff notified Raaga that because of its failure to negotiate a new license fee and a minimum guaranty, the Agreement terminated on February 2, 2013.

19.     Notwithstanding the notification and the termination of the Agreement, Raaga has continued to make the Music available to third parties through the Raaga website.

**FIRST CLAIM AGAINST RAAGA FOR BREACH OF THE AGREEMENT**

20.     Raaga has breached the Agreement by:

(a)     Failing to fully pay fixed royalties for music streaming and the minimum guaranty in the amount of $65,000.

(b)     Failing to provide monthly usage reports of music downloads, year-end reconciliation of downloads, and paying the additional download fees, if any, due to Plaintiff.

21.     As a result, Plaintiff has been damaged in an amount to be determined at trial, not less than $100,000.

**SECOND CLAIM AGAINST RAAGA FOR DECLARATORY JUDGMENT**

22.     Plaintiff repeats allegations set forth in paragraphs 1 through 21.

23.     There exists an actual controversy between Plaintiff and Raaga as to whether the Agreement terminated at the end of its first year on February 2, 2013. This Court is empowered

to issue a declaratory judgment declaring whether the Agreement terminated on such date

pursuant to 28 U.S.C. § 2201(a).

24.     Plaintiff is entitled to a declaratory judgment that the Agreement terminated on

February 2, 2013 because of the failure and refusal by Raaga to agree upon, or even negotiate,

license fees or minimum guaranty to be effective after the first year of the Agreement.

### THIRD CLAIM AGAINST RAAGA AND SENTHIL
### FOR COPYRIGHT INFRINGEMENT

25.     Plaintiff repeats allegations set forth in paragraphs 1 through 24.

26.     This claim is for damages and permanent injunction and is brought by Plaintiff

pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. § 101, *et seq.*

27.     Annexed hereto as Exhibit B is a list setting forth, *inter alia*, the titles of Albums

embodying sound recordings and musical compositions of songs comprising part of the Music

owned by Saregama India, and licensed exclusively to Plaintiff.  Saregama India owns and has

registered the sound recordings of each of the Albums listed on Exhibit B, and each of the

compositions embodied thereon, with the U.S. Copyright Office, and the Copyright Office's SR

registration number is set forth along with the Album titles on Exhibit B (the "Registered

Albums").  The sound recordings on the Registered Albums are available on the Raaga website

for downloading, interactive streaming and public performance, and represent a very small

portion of the Music in which Saregama India owns the copyrights in the sound recordings and

underlying compositions available on the Raaga website.

28.     All of the Music, including the sound recordings on the registered Albums,  was

authored by a foreign national or foreign nationals not resident in the United States and first

published outside the United States.  Plaintiff, as the licensee of Saregama India, has the exclusive rights to copy, distribute, perform, and perform the Music.

29.     Upon information and belief, Senthil has been employed at, is an officer, director and member of, owns and personally directs and supervises the operation of and personally derives economic benefit from the business of Raaga and the Raaga website.

30.     Upon information and belief, Senthil determines, authorizes and directs the activities of the Raaga website including, without limitation, the activities infringing Plaintiff's exclusive rights in the copyrights, as alleged herein, including the interactive streaming of Plaintiff's Music.

31.     Upon information and belief, Senthil personally conceived and created the Raaga website and personally determined to offer, and selected and created the programming and platform within which to make available for distribution infringing copies of the Music for download and interactive streaming through the Raaga website.

32.     Defendants have infringed upon the Music in a number of ways including the following: (1) through the distribution and sale, and/or the authorizing of others to distribute and sell the Music by digital download; (2) commercially exploiting the Music; (3) through the interactive digital streaming of the Music via the Internet; (4) performing or authorizing the performance of the Music; and/or (5) causing and/or materially contributing to and/or by substantially participating in and furthering the above-mentioned infringing acts, and/or sharing the proceeds therefrom, all through unlicensed sales of the Music.

33.     Upon information and belief, Defendants had the obligation, right and ability to supervise each infringing activity but allowed the infringement to occur, and they had an obvious

and direct financial interest in exploiting the Music.  Accordingly, Defendants are liable for

direct, contributory, and vicarious copyright infringement of the Infringed Composition.

34.     Upon information and belief, Defendants have and continue to receive payments

for the unlicensed sale of the Music.

36.     Upon information and belief, Defendants have received income and/or royalties

for the distribution of the Music by digital download and streaming via the Internet.

37.     Each infringement by the Defendants of Plaintiff's rights in and to the copyrights

of Saregama India in the Music constitutes a separate and distinct act of infringement.

Defendants' acts of infringement were willful, intentional, purposeful, in disregard and/or

indifferent to the rights of Plaintiff.

38.     As a direct and proximate result of said infringements by the Defendants, Plaintiff

is entitled to damages in an amount to be proven at trial which Plaintiff cannot presently

ascertain or compute.

39.     Plaintiff is also entitled to the Defendants' profits attributable to the

infringements, pursuant to 17 U.S.C. §504, for each separate infringement.  Plaintiff is entitled to

an accounting of all gross proceeds received by the Defendants, directly or indirectly, from all

uses of the Music and request is hereby made that the Court order Defendants to render such an

accounting of, and a constructive trust for the benefit of Plaintiff with respect to such profits.

40.     Alternatively, Plaintiff is entitled to statutory damages with respect to the

Registered Albums pursuant to 17 U.S.C. §504 (c), in the amount of $150,000.00 for each

infringement from each Defendant, or such other amounts as may be proper under 17 U.S.C.

§504 (c).

41.    Plaintiff is further entitled to an award of its attorney's fees and full costs in the commencement and prosecution of this action pursuant to 17 U.S.C. §505.

42.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless the Defendants are enjoined and restrained by this Court, the Defendants will continue to infringe the copyrights of Plaintiff in and to the Music available on the Raaga website. Such infringement will, among other irreparable harm and damages, cause Plaintiff irreparable harm by damaging its goodwill and reputation and by destroying the commercial market for the Music owned by Saregama India, exclusively licenced to Plaintiff, causing Plaintiff to lose the benefits to which it is entitled based upon its licenses copyrights in the Music and the extensive investment of time, effort and money in creating, purchasing and promoting the Music. Plaintiff is therefore entitled to the issuance of a temporary restraining order, and to preliminary and permanent injunctive relief as against the Defendants, and each of them, from engaging in their wrongful acts, as alleged herein.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a)    On its First Claim against Raaga for damages in an amount to be determined at trial, not less than $100,000, together with interest from October 30, 2012.

(b)    On its Second Claim against Raaga for declaratory judgment that the Agreement terminated on February 2, 2013.

(c)    On its Third Claim against both Defendants

(I)    That Defendants be found liable for direct, contributory, and/or vicarious copyright infringement.

-9-

(ii)    That Defendants be ordered to submit to an accounting so that all gains, sales, profits, and advantages derived by Defendants from each of their acts may be determined.

(iii)   For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert with them from copying, reproducing, performing, manufacturing, promoting, advertising, and distributing the Music, and to deliver to the Court for destruction or other reasonable disposition, all copies of the Music and all such material and means for producing same, in Defendants' possession, custody or control.

(iv)    For actual damages and Defendants' profits in an amount to be determined at trial, not less than $300,000.00.

(v)     For statutory damages pursuant to 17 U.S.C. § 504.

(vi)    For an accounting of, and imposition of a constructive trust with respect to, Defendants' proceeds and profits attributable to their infringements of Plaintiff's copyrights in and to the Music.

(vii)   For interest on the damages awarded Plaintiff.

(viii)  For Plaintiff's reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

/ / / /

/ / / /

/ / / /

(d)     On all of its Claims, for Plaintiff's costs, and disbursements, and such other and

further relief as the Court deems just and proper.

Dated: New York, New York
       January 8, 2015

 

_____
ANTHONY MOTTA
Attorney for Plaintiff
50 Broadway, Suite 800
New York, N.Y. 10004-1874
Tel:  (212) 791-7360
Fax: (212) 791-7468